IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TARIQ AMIN VAUGHN, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv174 |
| WARDEN, USP BEAUMONT | § | |

MEMORANDUM ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tariq Amin Vaughn, Sr., proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the above-styled petition be dismissed without prejudice.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. A copy of the report and recommendation was mailed to petitioner at the address provided to the court. Petitioner acknowledged receipt of the report and recommendation on May 8, 2020. No objections to the Report and Recommendation of United States Magistrate Judge have been filed.

The Court presumes that petitioner seeks a sentence reduction based on changes to the Fair Sentencing Act, which were authorized by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, Title V (2018). The First Step Act provides statutory authorization to the sentencing court to effectively modify a previously imposed term of imprisonment. *See United States v. Hegwood*,

1

934 F.3d 414, 418 (5th Cir. 2019) (recognizing the First Step Act is similar to 18 U.S.C. § 3582(c) "which opens the door… for modification of previously imposed sentences for certain specified reasons"). Under the First Step Act, "The district court's action is better understood as imposing, not modifying, a sentence, because *the sentencing is being conducted as if all the conditions for the original sentencing were again in place* with the one exception. The new sentence conceptually substitutes for the original sentence, as opposed to modifying that sentence." *Id*. at 419 (emphasis added).

However, as set forth above, petitioner was sentenced in the United States District Court for the Eastern District of Virginia. Even as the First Step Act provides statutory authorization to *the sentencing court* and not another court of the defendant's choosing, this Court is not the proper venue for this request. The government must prosecute an offense in a district where the offense was committed. FED. R. CRIM. P. 18. A case can be transferred from a district where an indictment and prosecution is pending to the district where the defendant is present if "(1) the defendant states in writing a wish to…waive trial in the district where the…complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and (2) the United States attorneys in both districts approve the transfer in writing." FED. R. CRIM. P. 20. Considering that the petitioner did not request transfer to this Court prior to sentencing, and since the United States attorneys did not approve a transfer to this district, this Court lacks jurisdiction. Therefore, as this Court is not the sentencing court, this Court is without jurisdiction to resentence petitioner.

More importantly, petitioner has nether alleged nor shown he is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c). Accordingly,

petitioner has failed to state a claim for habeas relief under § 2241. Therefore, the above-styled petition should be dismissed.

## O R D E R

Accordingly, the findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 26th day of June, 2020.**

Michael J. Truncale
United States District Judge